# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAWN RILEY,

                    Plaintiff,

v.                                                    Case No. 17-CV-891-JPS

C.O. FRANKE, LT. CAMPBELL,
CAPTAIN SCHULTZ, SGT. FRANCOIS,
CATHY FRANCOIS, NURSE VAN
VERKINTER, NURSE TREMEL, and
JANE DOE,                                             **ORDER**

                    Defendants.

Plaintiff, who is incarcerated at the Wisconsin Secure Program Facility, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). On July 24, 2017, the Court dismissed this action for Plaintiff's failure to pay his initial partial filing fee ("IPFF"). (Docket #9). Plaintiff then filed a motion on July 26, 2017, asking that the Court tap into his prison release account to satisfy the filing fee in this case. (Docket #11). On Plaintiff's representation that his release account has sufficient funds to cover the IPFF, the Court will re-open this matter and order that a disbursement be made from his release account for that purpose.

However, the Court can only order that the IPFF be paid from the release account; it cannot order payment of the entire $350 balance of the filing fee from that account. The Court has the authority to order disbursements from a prisoner's release account for payment of an IPFF. *See Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that

"both the Wisconsin Prison Litigation Reform Act. . .and the federal Prison Litigation Reform Act [("PLRA")]. . .authorize the courts to order that ... a prisoner's release account be made available [to pay an IPFF]"). The Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Notwithstanding the foregoing, denying prisoners the use of their release accounts to fund litigation costs is also prudent given that those accounts are "restricted account[s] maintained by the [DOC] to be used upon the prisoner's release from custody." *Id.* Permitting a prisoner to invade that account for litigation costs could be a detriment to that prisoner's likelihood of success post-incarceration, *see* Wis. Adm. Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is overly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-

CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs.

In light of the foregoing, the Court is obliged to deny Plaintiff's request to pay the full filing fee from his release account. After the Court receives payment of the IPFF, it will screen Plaintiff's complaint and order that the balance of the fee be collected from his prison trust account as provided in 28 U.S.C. § 1915(b).

Accordingly,

**IT IS ORDERED** that the July 24, 2017 judgment of dismissal of this action (Docket #10) be and the same is hereby **VACATED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to use his release account to pay the filing fee in this matter (Docket #11) be and the same is hereby **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall release $13.49 from Plaintiff's release account for payment of the initial partial filing fee in this matter; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 27th day of July, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge