# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SHAWN RILEY,

                              Plaintiff,

v.                                                    Case No. 17-CV-891-JPS

JARED FRANKE, THOMAS
CAMPBELL, MARILYN
VANDERKINTER, and BRENDA
KARNZ,

                              Defendants.                    **ORDER**

Plaintiff, who is incarcerated at the Wisconsin Secure Program Facility, filed a *pro se* complaint claiming his civil rights were violated. *See* (Docket #1). Before the Court are two recent motions: (1) Plaintiff's second motion requesting the appointment of counsel, (Docket #17); and (2) Plaintiff's motion for an order directing prison officials to return funds deducted from his prison trust account for payment of the filing fee in this case, (Docket #18). For the reasons stated below, both motions will be denied.

**1.     Second Motion for Appointment of Counsel**

As a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—

exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). The Seventh Circuit has emphasized that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) (internal quotation omitted). Instead, "[t]he question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.*

As with his first motion, which the Court addressed only a month ago, *see* (Docket #14), Plaintiff's request for counsel must be denied because, notwithstanding his efforts to obtain his own counsel, he has not presented any evidence or argument showing that he cannot litigate this matter competently on his own. First, Plaintiff says that his lack of legal training will limit his ability to litigate this case. (Docket #17 at 1). Plaintiff's lack of legal training, while unfortunate, brings him in line with practically every other prisoner litigating in this Court. On its own, it is not a sufficient reason for appointing counsel. Plaintiff's point seems to be that counsel would do a better job than he, but the Seventh Circuit has rejected this as a basis for appointment of counsel. *Pruitt*, 503 F.3d at 655.

Moreover, the Court finds that, at least at this early stage in the case, the issues presented are not so complex that Plaintiff cannot be expected to adequately address them. Plaintiff's only attempt to convince

the Court otherwise is to state that the case is "difficult," without elaboration. (Docket #17 at 1). As a party seeking relief in this Court, Plaintiff is expected to familiarize himself with the substantive and procedural rules that will bear on his case. Plaintiff's plea that he "is entirely unaware as to what step must be taken next" is, therefore, unpersuasive. *Id.* Likewise, the mere fact that Defendants are represented by counsel is not a reason why Plaintiff should be afforded representation.

Finally, Plaintiff has not submitted any evidence that he suffers from cognitive, behavioral, or other limitations affecting his ability to present his arguments in a cogent fashion. *See Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014). His filings thus far suggest that he has no such limitation. As such, the Court concludes that recruitment of counsel in this case is not justified at this time, and will deny Plaintiff's motion for appointment of counsel without prejudice. The Court further notifies Plaintiff that, as will be explained in the forthcoming trial scheduling order, the Court generally does not consider requests for appointment of counsel until, at earliest, the close of discovery.

2.      **Motion for Order Regarding Deductions for Filing Fee**

Plaintiff's other pending motion relates to the periodic deduction of funds from his prison trust account. These deductions are made pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(2), which provides that "[a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account

exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2). An order to that effect was included in the screening order in this case. (Docket #14 at 18).

Plaintiff complains that prison officials are withholding funds in a manner inconsistent with the statute. (Docket #18 at 1). According to him, they deduct 20 percent of each crediting transaction to his prison trust account although the statute requires deductions to be made on a monthly basis. *Id.* Further, these officials reported to Plaintiff that they will deduct 20 percent from each crediting transaction until the amount of the deductions reaches $10, at which time that amount will be sent to the Clerk of this Court. *Id.* Plaintiff asks the Court to order this practice to cease and for a refund of his erroneously withheld funds. *Id.* at 2.

Plaintiff's position rests on an understandable but mistaken reading of the statute. The first sentence of Section 1915(b)(2) unmistakably requires prison officials to deduct 20 percent from *all* of a preceding month's income to pay toward a filing fee. The statute does not limit this deduction to only deposits that exceed $10. Any income to the inmate, regardless of source, is available for the 20 percent payments toward unpaid filing fees. *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). The prison officials in this case are ensuring that Plaintiff complies with his obligations under the statute by taking 20 percent from each deposit as it comes in. This is consistent with the first sentence of Section 1915(b)(2).

The second sentence of the statute is less clear. However, other courts have heard and rejected Plaintiff's interpretation of this sentence. As explained in *Williams v. Litscher*, 115 F. Supp. 2d 989, 991–93 (W.D. Wis. 2000), *modified on reconsideration*, No. 00–cv–451, 2000 WL 34239347 (W.D.

Wis. Dec. 1, 2000), the second sentence addresses when payments should be forwarded to the court. "Read literally, the second sentence of § 1915(b)(2) appears to direct prison officials to wait to send a check to the court until the balance of the prisoner's account exceeds $10. However, this cannot be what Congress intended." *Id.* at 991. Such a reading would allow prisoners to avoid paying their filing fees simply by ensuring that they never have more than $10 in their accounts. *Id.* To avoid such an unreasonable result, the court in *Williams* interpreted the second sentence to allow prison officials to wait to send a check to the court until a prisoner's accumulated deductions exceed $10. *Id.* This view results in the payment of a prisoner's federal filing fees no matter how small the prisoner's paycheck may be. *Id.*

This court, like others before it, finds the reasoning of *Williams* persuasive. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042–43 (E.D. Wis. 2001); *Flournoy v. McKenzie*, No. 14–cv–554–jdp, 2015 WL 4094357, at *2 (W.D. Wis. July 7, 2015). "The purpose of the second sentence of Section 1915(b)(2) is not to make sure that inmates have some balance in their accounts to spend freely; it is to avoid the inefficiency of issuing a check for a few cents every time an inmate receives a small deposit." *Flournoy*, 2015 WL 4094357, at *2. Consequently, Plaintiff's motion regarding the monthly fee deductions must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's second motion for appointment of counsel (Docket #17) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order directing the return of monthly fee deductions (Docket #18) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2017.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge