# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAWN RILEY,

                Plaintiff,

v.

JARED FRANKE, THOMAS CAMPBELL, MARILYN VANDERKINTER, and BRENDA KARNZ,

                Defendants.

Case No. 17-CV-891-JPS

**ORDER**

        Plaintiff, who is incarcerated at the Wisconsin Secure Program Facility, filed a *pro se* complaint claiming his civil rights were violated. *See* (Docket #1). Before the Court are Plaintiff's motion for an extension of time to complete discovery and file dispositive motions, (Docket #25), his motion to compel discovery responses, (Docket #26), and his third motion requesting the appointment of counsel, (Docket #27). For the reasons stated below, the motions will be denied.

**1.    Motion for Extension of Time and Motion to Compel Discovery Responses**

        First the Court will address the motion for extension of time and the motion to compel discovery responses, which are related to each other. In the motion for extension of time, Plaintiff complains that he inadvertently failed to properly serve written discovery requests on Defendants. (Docket #25 at 1). He e-filed the requests with the Court on January 17, 2018 rather than serve them directly on Defendants by mail or

other agreed-upon means, as the procedural rules require. *Id.*; (Docket #22).

On March 7, 2018, nearly two months after he e-filed the requests, he wrote to Defendants and learned that Defendants did not plan to respond to them, as service was not proper. (Docket #25 at 2). Further, there was insufficient time remaining prior to the April 2, 2018 discovery cutoff date even if he properly re-served the requests. *Id.* Plaintiff asks the Court for an extension of the discovery deadline and the dispositive motion deadline to afford him time to re-serve his discovery requests, pleading that in light of his *pro se* status he was confused about the discovery procedures. *Id.*

Plaintiff's motion is without merit. It is unfortunate that he became confused about the procedural rules applicable to his case, but even *pro se* litigants are expected to familiarize themselves with the rules that govern proceedings in this Court. Moreover, the Court clearly and unmistakably warned Plaintiff of the requirements for serving discovery requests in its scheduling order, issued on October 13, 2017. (Docket #19). The Court stated that:

> All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than Monday, April 2, 2018. The plaintiff is instructed that discovery requests must be served on the defendant to whom they are directed by mail or other means of delivery. Simply filing discovery requests with the Court, either electronically or by mail, will not qualify as service of those requests pursuant to the Federal Rules of Civil Procedure.

*Id.* at 2. The Court issues this warning in every prisoner case in order to avoid the very error Plaintiff made here. He is responsible for carefully

reading and complying with the Court's orders. Additionally, the Clerk of the Court sent Plaintiff a similar notice after he e-filed his discovery requests in January, informing him that discovery requests must not be filed with the Court. (Docket #23). Again, he seems to have ignored this instruction.

Moreover, Plaintiff gives no reason why he waited until two months after the discovery period opened in October 2017 to try to serve his discovery requests on Defendants. Had he done so earlier, he might have learned of his error in service in time to correct it. Filing a motion to save himself from this error mere days before the discovery deadline—his motions were filed on March 28, 2018—does not elicit sympathy.

For similar reasons, the Court will deny Plaintiff's motion to compel. (Docket #26). In it, Plaintiff asks the Court to compel responses to a set of discovery requests he sent to Defendants on March 12, 2018. (Docket #26 at 1). That date is only three weeks from the April 2 discovery cutoff date. Plaintiff did not afford Defendants the full thirty days they are entitled to under the discovery rules to prepare and serve their responses. As such, Plaintiff's discovery requests violate the Court's scheduling order, which warned him to serve his discovery requests "*sufficiently early* so that all discovery is completed no later than Monday, April 2, 2018." *Id.* (emphasis added). Defendants cannot be forced to rush to make up for Plaintiff's belated attempts at discovery.

For these reasons, both the motion for extension of time and the motion to compel must be denied.

## 2. Third Motion for Appointment of Counsel

Plaintiff's alleged discovery dilemma dovetails into his other pending request: that he needs the assistance of counsel in light of his failure to properly navigate discovery. (Docket #27 at 1–2). Yet, as a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

The Seventh Circuit has emphasized that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) (internal quotation omitted). Instead, "[t]he question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.*

As with his first two motions for appointment of counsel, which the Court denied, (Docket #14, #20), Plaintiff's instant request for counsel must be denied because, notwithstanding his efforts to obtain his own

counsel, he has not presented any evidence or argument showing that he cannot litigate this matter competently on his own. His lone argument in the instant motion is that his error in serving his discovery requests demonstrates his incompetence. *See* (Docket #27 at 2–3).

But Plaintiff's error was entirely his own and resulted from his failure to read the applicable rules and Court orders. The Court will not countenance this failure by appointing him counsel. To the extent Plaintiff leans on his lack of legal training, the Court has already explained that his lack of training is commonplace among prisoners and does not, on its own, warrant the appointment of counsel. (Docket #20 at 2). And, as before, Plaintiff has not submitted any evidence that he suffers from cognitive, behavioral, or other limitations affecting his ability to present his arguments in a cogent fashion. *See Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014). His request for counsel will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for extension of the discovery and dispositive motion deadlines (Docket #25) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel discovery responses (Docket #26) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's third motion for appointment of counsel (Docket #27) be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge