# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SHAWN RILEY,

                          Plaintiff,                          Case No. 17-CV-891-JPS

v.

JARED FRANKE,                                                 **ORDER**

                          Defendant.

On May 1, 2018, Defendants moved for summary judgment as to each of Plaintiff's claims. (Docket #30). The Court granted that motion with respect to each defendant save Jared Franke ("Franke"), the correctional officer who allegedly slammed Plaintiff's hand in his cell trap door. (Docket #58). A jury trial on that excessive force claim is scheduled for October 22, 2018. (Docket #59).

On September 20, 2018, Plaintiff filed a motion requesting that the Court order mediation to occur and appoint him counsel for that purpose. (Docket #66). He reasons that in its order on the motion for summary judgment, the Court found facts in his favor. *Id.* This, in turn, suggests that his case has merit and could be favorably settled. *Id.*

Plaintiff's motion will be denied. First, in resolving the summary judgment motion, the Court was required where possible to resolve factual disputes in Plaintiff's favor. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). Thus, the Court was obliged to credit Plaintiff's account of the relevant events and discount Franke's version. The jury is not required to do this at trial; reasonable jurors could disbelieve Plaintiff

and find in Franke's favor. The summary judgment decision is no indication that the claim has true merit.

Second, the Court encourages parties to consider mediation in every civil case, but its longstanding policy is to make a referral to a magistrate judge for mediation only when all parties agree to do so. Plaintiff cannot unilaterally ask for a mediation referral. He was informed of this policy in the original scheduling order, issued in October of last year, (Docket #19 at 3–4), and reminded of it in the more recent trial scheduling order, issued on August 3, 2018, (Docket #59 at 6–7).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for mediation and appointment of counsel for that purpose (Docket #66) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2018.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge